# United States District Court
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MELODY YIRU, a/k/a SHI YIRU et al. | § § | |
| v. | § § | CIVIL ACTION NO. 3:17-CV-2155-S |
| WORLDVENTURES HOLDINGS, LLC et al. | § § § | |

## MEMORANDUM OPINION AND ORDER

This Order addresses Defendant Michael Azcue's Motion to Dismiss, or in the Alternative, Motion to Quash [ECF No. 122]. For the following reasons, the Court denies the Motion.

### I.  BACKGROUND

Per Special Order 3-3-18, this case was transferred from the docket of Judge David C. Godbey on March 8, 2018, to the docket of this Court.

Plaintiff Melody Yiru, a/k/a Shi Yiru ("Plaintiff"), filed her Complaint against Defendants WorldVentures Holdings, LLC, WorldVentures Marketing, LLC, WorldVentures, LLC, WorldVentures Foundation, Wayne Nugent, Michael Azcue ("Azcue"), and Daniel Stammen in the Superior Court of the State of California on May 1, 2017. *See* ECF No. 1 Ex. 1. Three of these defendants, WorldVentures Foundation, WorldVentures Holdings, LLC, and Wayne Nugent, were served in May 2017, and promptly removed the action to the Central District of California. *See id.* at 1.

After the action was removed, the clerk of the Central District of California issued summons to Azcue at an address in Plano, Texas. *See* ECF No. 21. It is undisputed that Azcue did not receive this summons. *See* Def. Michael Azcue's Mot. to Dismiss ("Mot") ¶ 5; Pl.'s Opp'n to Mot. to Dismiss ("Opp'n") Ex. 1. In fact, on July 15, 2017, the server reported that the Plano address did not exist and that "none of [the nearby residents] kn[e]w who Michael Azcue [was]."

Opp'n Ex. 1. Plaintiff did not seek an extension of time to serve Azcue from the Central District of California, or otherwise notify the court of any issues in effecting service.

However, Plaintiff continued to litigate the action against the other Defendants. On July 18, 2017, the remaining Defendants filed a motion to dismiss for lack personal jurisdiction, *see* ECF No. 33, and a motion to transfer venue to the Northern District of Texas, *see* ECF No. 34. In both of these motions, the remaining Defendants advised the Central District of California that they were not representing Azcue and that they believed that he had "not been served with the Complaint." ECF No. 33 at 2 n.1; ECF No. 34 at 2 n.1 Ultimately, Plaintiff consented to transfer, *see* ECF No. 56, and the action was transferred to this district on August 15, 2017. *See* ECF No. 58,

Pursuant to an order of this Court, the parties submitted a Joint Status Report on August 30, 2017. *See* ECF No. 62. Azcue had not yet appeared in the case, and the parties advised the Court that "Azcue had not yet been served." *Id.* at 1 n.1 Even though almost four months elapsed since the filing of the suit, Plaintiff had not yet effected service and did not request an extension of time to serve Azcue. In fact, Plaintiff's own records show that she did not attempt to serve Azcue again until August 16, 2018[1]—397 days after the last unsuccessful service—when she requested that Azcue be served at an address in Del Mar, California. *See* Opp'n Ex. 1. The process server encountered Azcue's ex-wife at the Del Mar residence, who notified the server that Azcue did not reside there any longer. *See id.* Although the process server reported to Plaintiff that Azcue was "sub-served" at the Del Mar address, *see id.*, Azcue attests that his ex-wife "did not provide [him]

---

[1] While Plaintiff contends that she "made more than dozen attempts to personally serve Azcue" and that "Azcue is intentionally evading service," Opp'n 1, 4, Plaintiff's records do not substantiate her claims. In fact, Exhibit 1 to Plaintiff's Opposition to the present Motion, which "is a true and correct copy of the orders and attempts [Plaintiff] made to serve Azcue," Decl. of Blake J. Lindemann, does not show that any service was attempted between July 17, 2017, and August 16, 2018. *See* Opp'n Ex. 1.

2

with a copy of the summons and complaint allegedly provided to her by the process server on August 30, 2018." Mot. Ex. A ¶3.

On September 12, 2018, Azcue was personally served at a residence in Dallas, Texas. *See* Opp'n Ex. 1; Supp. Decl. of Blake J. Lindemann ("Supp. Decl.") ¶ 2 & Ex. 1. The day before Azcue was served, however, the Court stayed this action pending the outcome of arbitration. *See* ECF No. 107. The case remained closed until October 15, 2019, when the Court granted the parties' joint motion to reopen case based on the parties' representation that the arbitrator referred the matter back to this Court. *See* ECF No. 114.

Once this action was reopened, Azcue filed the present Motion to Dismiss under Federal Rules of Civil Procedure 4(m), 12(b)(4), and 12(b)(5), which is now fully briefed and before the Court.

## II.   ANALYSIS

### A.   *Rule 4(m)*

Federal Rule of Civil Procedure 4(m) provides that:

> If a defendant is not served within 90 days after the complaint is filed, the court— on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

When a party challenges service of process, the serving party bears the burden of proving good cause for failure to effect timely service. *See Sys. Signs Supplies v. Dep't of Justice*, 903 F.2d 1011, 1013 (5th Cir. 1990) (per curiam). Proof of good cause requires "at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice." *Thrasher v. City of Amarillo*, 709 F.3d 509, 511 (5th Cir. 2013) (quoting *Winters v. Teledyne Movible Offshore, Inc.*, 776 F.2d 1304, 1306 (5th Cir. 1985)). "Additionally, some 'showing of good faith on the part of the party seeking an enlargement

3

and some reasonable basis for noncompliance within the time specified is normally required.'" *Id.* (quoting *Winters*, 776 F.2d at 1306). "Even if the plaintiff lacks good cause, [however,] the court has discretionary power to extend the time for service." *Millan v. USAA Gen. Indem. Co.*, 546 F.3d 321, 325 (5th Cir. 2008). "A discretionary extension may be warranted, 'for example, if the applicable statute of limitations would bar the refiled action, or if the defendant is evading service or conceals a defect in attempted service.'" *Id.* (quoting FED. R. CIV. P. 4(m) advisory committee's note to 1993 amendment).

In the present case, there is no dispute that Plaintiff did not properly serve Azcue for over a year after filing suit. *See* Mot. ¶ 19; Opp. Ex. 1. Moreover, Plaintiff provided little justification for this delay. Although Plaintiff contends that she "diligently attempted to contact and serve Azcue," including through "counsel for WorldVentures," Opp. 4, Plaintiff's own records demonstrate that no service was attempted between July 17, 2017, and August 16, 2018, *see id.* Ex. 1. Furthermore, while Plaintiff states that service was delayed because "[t]his case has been transferred, reassigned to a different courtroom, and stayed for a significant time," *id.* at 1, this action was transferred to the Northern District on August 15, 2017, *see* ECF No. 15, and was not stayed until September 11, 2018, *see* ECF No. 107. At no point during the 392 days the case was open in the Northern District after the transfer did Plaintiff seek an extension of time to serve Azcue; to the contrary, Plaintiff joined a status report that advised the Court that "Azcue had not yet been served with this lawsuit." ECF No. 62. Accordingly, the Court finds that Plaintiff did not meet her burden of proving good cause for failure to effect timely service. *See Sys. Signs Supplies*, 903 F.2d at 1013.

However, the Court denies Azcue's motion to dismiss because the applicable statute of limitations may bar future litigation against Azcue. *Millan*, 546 F.3d at 325. If the Court dismisses

an action for untimely service "but the applicable statute of limitations probably bars further litigation," the Court must determine whether the dismissal is warranted under the same standard "used when reviewing a dismissal with prejudice." *Boazman v. Econ. Lab., Inc.*, 537 F.2d 210, 213 (5th Cir. 1976). The Fifth Circuit explained that where "the statute of limitations prevents or *arguably may* prevent a party from refiling his [or her] case," *id.* (emphasis added), a dismissal for lack of service "is an extreme sanction that deprives a litigant of the opportunity to pursue his [or her] claim," *Millan*, 546 F.3d at 326 (quoting *Gonzalez v. Firestone Tire & Rubber Co.*, 610 F.2d 241, 247 (5th Cir. 1980)). "Consequently, [the Fifth Circuit] has limited district courts' discretion to dismiss claims" in such circumstances to cases where "'a clear record of delay or contumacious conduct by the plaintiff exists and a 'lesser sanction would not better serve the interests of justice.'" *Id.* (quoting *Gray v. Fid. Acceptance Corp.*, 634 F.2d 226, 227 (5th Cir. 1981)). "Moreover, such a dismissal must generally be supported by 'at least one of three aggravating factors: (1) delay caused by [the] plaintiff . . . and not his [or her] attorney, (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct.'" *Blount v. City of Dalworthington Gardens*, Civ. A. No. 4:17-CV-1014-A, 2018 WL 1312813, at *2 (N.D. Tex. Mar. 12, 2018) (second alteration added) (quoting *Millan*, 546 F.3d at 326).

Here, Plaintiff brings various claims against Azcue under the Racketeer Influenced and Corrupt Organizations ("RICO") Act and California state statutes, which are subject to three- or four-year statutes of limitation. *See, e.g., Bernegger v. Dep't of Revenue*, 785 F. App'x 209, 212 (5th Cir. 2019) (four years for RICO actions); *Lifeway Foods, Inc. v. Millenium Prod., Inc.*, CASE NO: CV 16-7099-R, 2016 WL 7336721, at *2 (C.D. Cal. Dec. 14, 2016) (three years for a false advertising action under California law (citing CAL. CIV. PROC. CODE § 338)). The allegations are based, however, on conduct that allegedly began on May 1, 2013. *See* Compl. ¶ 5.

Thus, dismissing the action for lack of timely service "arguably may prevent" Plaintiff from pursuing her claims. *Boazman*, 537 F.2d at 213. Furthermore, nothing in the record suggests that Plaintiff's untimely service was caused by Plaintiff herself and not her attorneys, that Azcue was prejudiced, or that the delay was intentional. *See Millan*, 546 F.3d at 326. On these facts, the Court lacks the discretion to dismiss this action despite the untimely service. Consequently, the Court denies the Motion on Rule 4(m) grounds.

### B. *Rule 12(b)(4)*

A defendant may challenge the form or content of the summons under Federal Rule of Civil Procedure 12(b)(4). *See May v. Texas*, Civ. A. No. 5:16-CV-238-BQ, 2017 WL 7513550, at *2 (N.D. Tex. Nov. 27, 2017) (citation omitted), *report and recommendation adopted*, 2018 WL 798738 (N.D. Tex. Feb. 8, 2018). Here, Azcue seeks dismissal under Rule 12(b)(4), but does not challenge the form or content of his summons. Accordingly, the Court denies the Motion on Rule 12(b)(4) grounds.

### C. *Rule 12(b)(5)*

Federal Rule of Civil Procedre 12(b)(5) allows for an action to be dismissed based on insufficient service of process. *See Quinn v. Miller*, 470 F. App'x 321, 323 (5th Cir. 2012). Once such a motion has been filed, the party serving process has the burden of establishing its validity. *See id.* (citing *Carimi v. Royal Caribbean Cruise Line, Inc.*, 959 F.2d 1344, 1346 (5th Cir. 1992)). In this case, Azcue asserts that the Complaint should be dismissed because he was not properly served in California. *See* Mot. ¶¶ 24-33. As Plaintiff points out, however, Azcue "was personally served on September 12, 2018" in Texas. *See* Supp. Decl. of Blake J. Lindermann ¶¶ 2-4 & Ex. 1. Moreover, Azcue "is not disputing this service" and acknowledges that it "likely cures Plaintiff's inadequate service in California." Def. Michael Azcue's Reply in Supp. of Mot. to Dismiss 2. As

Azcue does not challenge the validity of the September 12, 2018 service, the Court denies the Motion to Dismiss on Rule 12(b)(5) grounds.

### III. CONCLUSION

For the reasons discussed above, the Court denies Azcue's Motion to Dismiss, or in the Alternative, Motion to Quash.

**SO ORDERED.**

SIGNED February 4, 2020.

*[signature]*
**KAREN GREN SCHOLER**
**UNITED STATES DISTRICT JUDGE**